■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANTHONY RODRIGUEZ, Respondent.—Order, Supreme Court, New York County (Herbert I. Altman, J.), entered October 31, 1989, which suppressed physical evidence, unanimously affirmed.

The hearing evidence established that the arresting officer, in a marked police car, received a radio call that four men were selling drugs at a specified street corner, one of whom was described as a male Hispanic wearing a blue cut-off tee-shirt with the words "Portland Maine" on the back. When the arresting officer arrived at the corner, he saw defendant standing there wearing such a shirt, and called out to him, "hey buddy", whereupon defendant turned around, looked at him, and started to run. During the pursuit that followed, defendant threw an object to the ground, which turned out to be 15 vials of crack taped together with brown masking tape.

The hearing court credited the police officer's testimony, but found that the predicate for the pursuit, an anonymous tip, did not provide probable cause to believe that defendant had committed, was committing or was about to commit a crime. We agree. The People did not establish either the reliability of the anonymous information or additional indicia of criminality pointing to defendant as having committed a crime. The information anonymously conveyed here was not " 'so specific and congruous' " with that which was actually encountered by the arresting officer as to have made the reliability of the tip apparent and justified the pursuit *(People v Gray,* 154 AD2d 301, 302; *People v Gaines,* 159 AD2d 175, 177, *lv withdrawn* 76 NY2d 986). The fact that defendant discarded contraband does not serve to validate what was an otherwise improper pursuit *(People v Howard,* 50 NY2d 583, 592-593). Concur—Rosenberger, J. P., Ellerin, Smith and Rubin, JJ.